IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TSHENG YANG, | Civ. No. 6:21-cv-01116-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; FIRST PREMIER BANK; AMERICAN EXPRESS NATIONAL BANK; LOANCARE, LLC; BANK OF AMERICA, N.A.; DOES 1-100, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Defendant First Premier Bank ("Premier")'s Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 36. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is GRANTED and all claims against Defendant First Premier Bank are DISMISSED.

## LEGAL STANDARD

When faced with a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Where the court's determination is based on written

Page 1 –OPINION & ORDER

materials rather than an evidentiary hearing, "the plaintiff need only made a prima facie showing of jurisdiction facts." *Id.* (internal quotation marks and citation omitted). A plaintiff cannot rest on the bare allegations of the complaint, but uncontroverted allegations in the complaint must be taken as true. *Schwarzeneggar v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Picot*, 780 F.3d at 1211. Oregon's long-arm statute is co-extensive with constitutional standards, and so this Court need only determine whether its exercise of personal jurisdiction is consistent with constitutional due process standards. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

Constitutional due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "In giving content to that formulation, the Court has long focused on the nature and extent of the defendant's relationship with the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, ___U.S.___, 141 S. Ct. 1017, 1024 (2021) (internal quotation marks and citations omitted). That focus led to the recognition of two kinds of

personal jurisdiction: general jurisdiction (sometimes called all-purpose) and specific jurisdiction (sometimes called case-linked). *Id.*

## DISCUSSION

Plaintiff Tsheng Yang brings this action alleging a violation of the Fair Credit Reporting Act. With respect to the moving Defendant Premier, Plaintiff alleges that Premier did not accurately report Plaintiff's account as paid or settled. Compl. ¶ 3. ECF No. 1. More specifically, Plaintiff alleges that Premier "is reporting her debt as included and discharged in bankruptcy, despite the fact this debt was satisfied prior to her bankruptcy filing." *Id.* at ¶ 23. Plaintiff alleges that Premier reported this inaccurate information to the credit reporting agency ("CRA") Defendant Equifax and did not conduct an investigation when Plaintiff disputed the report. *Id.* at ¶¶ 136, 137.

Premier moves to dismiss on the basis that this Court lacks personal jurisdiction over it. Premier is incorporated in South Dakota and has its principal place of business in Sioux Falls, South Dakota. Gilson Decl. ¶ 3. Premier has no offices or any full-time employees in Oregon. *Id.* Premier has not consented to personal jurisdiction in Oregon. *Id.* at ¶ 5. Premier has presented evidence that Plaintiff resides in Minnesota and Premier has no record of Plaintiff maintaining an address in Oregon at any time. *Id.* at ¶ 4. Plaintiff has not presented any contrary evidence in response to Premier's motion.

The only allegation concerning personal jurisdiction in the Complaint is that "for the purposes of establishing residency under 28 U.S.C. § 1391(b)(1), each of the

named Defendants conducts sufficient business within the forum state and this Court has personal jurisdiction over each Defendant under 28 U.S.C. §§ 1391(c)(2) and 1391(d)." Compl. ¶ 16. Of note, § 1391 concerns venue, rather than personal jurisdiction.

## I.   General Personal Jurisdiction

General personal jurisdiction extends to "any and all claims" brought against a defendant, but a court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *Ford Motor*, 141 S. Ct. at 1024 (internal quotation marks and citation omitted). A corporation is subject to general jurisdiction in its place of incorporation and its principal place of business, but a corporation may be "at home" somewhere else in an exceptional case. *Id.*

Plaintiff's Complaint does not include any allegations that would support the exercise of general personal jurisdiction over Premier in Oregon. Premier's place of incorporation and principal place of business are in South Dakota and Premier has presented evidence that it has no offices or full-time employees in Oregon.

In her Response, Plaintiff appears to have misapprehended the nature of Premier's motion, characterizing it as: "Defendant argues venue improper [sic] under 28 U.S.C. § 1391(d) because the Court lacks personal jurisdiction over any defendant." Pl. Resp. 2. ECF No. 39. Premier does not challenge venue, however, it challenges the exercise of personal jurisdiction. Nor does Premier argue that the Court lacks personal jurisdiction over "any defendant," it argues that the Court lacks personal jurisdiction *over Premier*.

With regard to the issue of jurisdiction, Plaintiff argues that this Court may exercise general personal jurisdiction over Premier because "[t]his Court has general jurisdiction over all the two credit agencies listed as defendants in this case." Pl. Resp. 2. There are two key flaws in this argument. First, Premier is not, and is not alleged to be, a credit reporting agency.[1] Rather, Premier is alleged to have furnished information to the CRA Defendants. *See* Compl. ¶ 101 ("Plaintiff is informed and believes that Equifax received Plaintiff's Second Dispute Letter and, in response, sent Plaintiff's dispute to First Premier, *as the data furnisher*, via an ACDV through e-OSCAR." (emphasis added)).

Second, this argument appears to attempt to impute general personal jurisdiction over Premier by virtue of the fact that the Court may have general personal jurisdiction over the CRA Defendants. Pl. Resp. 1 ("In its motion Defendant ignores this Court's personal jurisdiction of the credit reporting agencies ('CRAs') and for this reason its motion should be denied."). Personal jurisdiction for each defendant must rest on their individual contact with the forum state. *Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020); *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) ("Personal jurisdiction over each defendant must be analyzed separately."). Here, Plaintiff has not presented evidence, or even

---

[1] Elsewhere in her Response, Plaintiff appears to have confused the moving Defendant, Premier, with non-moving CRA Defendants Equifax and TransUnion. Plaintiff argues at length that this Court has jurisdiction over the CRA Defendants without ever addressing the fact that the present motion was brought by and challenges the exercise of jurisdiction over Premier, rather than the CRA Defendants. Pl. Resp. at 2-5.

arguments, to support the exercise of general personal jurisdiction over Premier specifically.

On this record, the Court concludes that Plaintiff has failed to meet her burden of demonstrating general personal jurisdiction over Premier.

## II.     Specific Personal Jurisdiction

Specific jurisdiction applies to a broader class of defendants than general jurisdiction, but only for a "narrower class of claims." *Ford Motor*, 141 S. Ct. at 1024. Specific jurisdiction over a nonresident defendant depends on the relationship between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citation omitted).

The Ninth Circuit employs a three-prong test for analyzing specific jurisdiction. First, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which her purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Global Commodities*, 972 F.3d at 1107. Second, the claim must arise out of or relate to the defendant forum related activities, though a strict causal relationship is not required. *Ford Motor*, 141 S. Ct. at 1026. Third, the exercise of jurisdiction must be reasonable. *Global Commodities*, 972 F.3d at 1107.

Here, Plaintiff presents no argument concerning the exercise of specific personal jurisdiction over Premier, apparently conceding that no such jurisdiction exists. Even if Plaintiff has not intentionally conceded the point, the Court concludes

that Plaintiff has not met her burden of demonstrating the existence of specific personal jurisdiction over Premier.

## CONCLUSION

For the reasons set forth above, Defendant First Premier Bank's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 36, is GRANTED and all claims against Defendant First Premier Bank are DISMISSED. The docket reflects that all other Defendants have been dismissed and so final judgment shall be entered in this case.

It is so ORDERED and DATED this ___15th___ day of March 2023.

                                           /s/Ann Aiken
                                           ANN AIKEN
                                           United States District Judge